UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| JOHN IVAN OLMO,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE, INC.,<br><br>Defendant. | Case No. 5:15-cv-05502-HRL<br><br>**ORDER (1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; (2) DENYING MOTION FOR PERMISSION FOR ELECTRONIC CASE FILING**<br><br>**ORDER DISMISSING CASE**<br><br>Re: Dkt. Nos. 2, 3 |

John Ivan Olmo, proceeding pro se, filed the instant action, along with an application for leave to proceed in forma pauperis (IFP). His complaint appears to arise out of another lawsuit Olmo filed in the United States District Court in Massachusetts (Massachusetts Action), which evidently has been dismissed.

Olmo's present complaint is not the model of clarity. Nevertheless, what this court is able to gather from the allegations is this: Olmo contends that the presiding judge in the Massachusetts Action should not have dismissed his case without permitting Olmo to obtain certain discovery from Google, Inc. (Google). He now asks this court to vacate the dismissal of the Massachusetts Action and to permit him to conduct discovery of Google in aid of his Massachusetts claims. Olmo has expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. For the

reasons to be discussed, Olmo's IFP application is granted; however, his complaint will be dismissed without leave to amend, and his request for discovery is denied.[1]

An IFP application may be granted if the court is satisfied that the applicant cannot pay the requisite filing fees. 28 U.S.C § 1915(a)(1). In evaluating such an application, the court should "gran[t] or den[y] IFP status based on the applicant's financial resources alone and then independently determin[e] whether to dismiss the complaint on the grounds that it is frivolous." Franklin v. Murphy, 745 F.2d 1221, 1226-27 n.5 (9th Cir. 1984). A court may dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Section 1915(e) applies to all IFP complaints, not just those filed by prisoners. Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).

This court finds that Olmo qualifies financially for IFP status, and his IFP application therefore is granted. Nevertheless, this court concludes that this matter must be dismissed because Olmo's complaint does not present facts or legally coherent theories of liability establishing a viable claim for relief. Olmo essentially brings a de facto appeal of the dismissal of his Massachusetts Action. This court, however, lacks any authority to review, vacate, or modify in any way the orders issued by the presiding judge in that case, and Olmo's request for permission to conduct discovery in connection with his dismissed lawsuit is denied. Moreover, to the extent Olmo's complaint suggests that the Massachusetts district judge's dismissal order somehow constituted misconduct, it is well settled that judges acting within their judicial jurisdiction are absolutely immune from liability for damages. Pierson v. Ray, 386 U.S. 547, 554, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). Here, the record indicates that the complained-of conduct concerns alleged acts performed by the Massachusetts district judge acting in his judicial capacity and within his judicial jurisdiction. Further, this court finds that the deficiencies in Olmo's complaint cannot be remedied by

---

[1] Olmo's Motion for Permission for Electronic Case Filing (Dkt. 3) is denied as moot. In any event, his motion indicates that he lacks all the equipment necessary for e-filing status.

1 amendment and that any amendment therefore would be futile.

2     Accordingly, Olmo's complaint is dismissed with prejudice. The clerk shall enter

3 judgment of dismissal and close this file.[2]

4     SO ORDERED.

5 Dated:   January 4, 2016

6

7                       HOWARD R. LLOYD
                      United States Magistrate Judge

---

[2] Olmo states that he is homeless. Accordingly, this order will be mailed to the only address identified in his papers, apparently belonging to his employer.

3

1   5:15-cv-05502-HRL A copy of this order sent on January 4, 2016 by U.S. Mail to:

2   John Ivan Olmo
3   c/o Labor Ready
    1605 Jefferson Street #100
4   Oakland, CA 94612

4